IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TYREE TALLEY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:21-CV-249-RP |
| CITY OF AUSTIN and JOHN DOES, | § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| MODESTO RODRIGUEZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:21-CV-1087-RP |
| CITY OF AUSTIN and JOHN DOES, | § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Plaintiff Tyree Talley's ("Plaintiff") motion for leave to file his first amended complaint, (Dkt. 53). Defendants City of Austin ("the City") and John Does (collectively, "Defendants") filed a response, (Dkt. 68). Having reviewed the record, the parties' briefing, and the relevant law, the Court will grant the motion.[1]

**I. BACKGROUND**

This case concerns the shooting of Plaintiff with kinetic energy projectiles outside the Austin Police Department ("APD") headquarters during a protest on May 30, 2020. (Compl., Dkt. 1, at 1). Plaintiff, who is deaf, alleges that APD officers continued to fire the "less-lethal" bullets at him as he

---

[1] The parties have filed identical briefing in the related case, *Rodriguez v. City of Austin*, No. 1:21-CV-1087-RP, (W.D. Tex., filed December 1, 2021), which was consolidated for discovery purposes. Because the briefing is the exact same, the Court will address both motions in the same order. For convenience, all docket references will be to the -249 case.

lay defenseless on the ground. (*Id.*). Plaintiff filed suit on March 15, 2021, against the City of Austin and "Defendant John Doe(s)" who were "as-yet unidentified . . . Austin police officers." (*Id.* at 3). His claims include violations of his constitutional rights under 42 U.S.C. § 1983, violations of the Americans with Disabilities Act ("ADA"), and negligence.

On February 10, 2022, the parties moved to consolidate this action with the highly related case, *Rodriguez v. City of Austin*, for the purposes of pretrial discovery. (Dkt. 15). The Court consolidated the actions and entered an updated scheduling order. (Dkts. 16, 22). The amended pleadings deadline was set for November 4, 2022, discovery was set to end on June 2, 2023, and dispositive motions were due on or before June 30, 2023. (Order, Dkt. 22). The Court then extended the dispositive deadline by another month. (Dkt. 40).

On July 31, 2023, the City moved for summary judgment. (Mot. Summ. J., Dkt. 43). The same day, Defendants collectively filed a motion for judgment on the pleadings, arguing that Plaintiff had not named John Doe(s) and therefore could not maintain claims against an unnamed officer. (Mot., Dkt. 44). Defendants also argue that Plaintiff's claim, even if he did name an officer, would be barred by the two-year statute of limitations. (*Id.*).

On August 22, 2023, Plaintiff filed the instant motion for leave to file his first amended complaint. (Mot. Dkt. 53). He requests leave so that his amended complaint can name the "John Does" and bring the suit against those officers to trial. Plaintiff contends that the identities of the "John Does" were only discovered on May 4, 2023, and that the officers were not deposed until July 2023. (*Id.* at 2). Defendants oppose the motion, arguing that there is no good cause to allow a modification of the scheduling order, and that the claims against the APD officers are barred by the statute of limitations.

2

## II. LEGAL STANDARD

### A. Scheduling Order

A scheduling order may "be modified only for good cause." Fed. R. Civ. P. 16(b)(4). There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Springboards To Educ., Inc. v. Houston Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019), *as revised* (Jan. 29, 2019), *as revised* (Feb. 14, 2019). A party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

### B. Leave to Amend

The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course," but afterwards "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002). But leave to amend "is by no means automatic." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991). A district court may deny leave to amend if it has a "substantial reason" to do so. *Lyn–Lea Travel Corp.*, 283 F.3d at 286. The futility of amendment is one such substantial reason to deny leave to amend. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). A proposed amendment is futile if it fails to state a claim upon which relief could be granted. *Id.* at 873. Therefore, in determining futility, this Court will apply the "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*

## III. DISCUSSION

Plaintiffs' motion raises two related issues: (1) whether good cause exists to grant a modification of the scheduling order, and (2) whether an amended complaint would be futile. *See Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) ("If a party shows good cause for missing the deadline [under Rule 16], then the more liberal standard of Rule 15(a) will apply to the district court's denial of leave to amend."). Here, the Court finds that good cause exists, and that the amendment is not futile as a matter of law.

### A. Good Cause Exists

Plaintiff has met the four-part test to establish good cause. *Springboards*, 912 F.3d at 819. First, Plaintiff has adequately explained why he could not timely comply with the amended pleadings deadline. The John Does had not been conclusively identified by the parties before November 2022, so amendment by that deadline would have been impossible. And Plaintiff has shown that his counsel worked reasonably quickly during discovery to identify the officers. Indeed, the City of Austin has conceded that the parties have been "diligently conducting discovery in these cases." (Mot. Extend, Dkt. 40). Because this case proceeded at a reasonable rate and the parties had conducted discovery diligently, there is no reason to believe that Plaintiff unduly delayed in attempting to timely amend his complaint.

The discovery timeline also supports Plaintiff's explanation. The City provided Plaintiff with the bulk of videos and reports relevant to this case on September 2, 2022. (Defs.' Resp., Dkt. 68, at 3). These videos and reports, which were the most detailed depictions of the incident, were necessary to find out which officers were the potential "John Does" in question. Between September and November, Plaintiff had only two months to sort through extensive discovery documents and work with the City to attempt to identify the officers before the amended pleadings

4

deadline. (*Id.*). On May 5, 2023, Plaintiff's expert eventually identified the officers based upon review of the documents and videos. (*Id.*). The timeline shows reasonable diligence from Plaintiff in pursuing the identity of the John Does, and that his late pleading is largely the result of when the City provided him with the necessary evidence.

Finally, Plaintiff has provided a valid explanation because the City has not identified any efforts it undertook to identify the officers. Most notably, the City did not provide its initial disclosures until April 24, 2023—less than two months before the close of discovery. (*Id.* at 3). The City suggests that it was not required to name the John Does because the claims against them had since expired under the statute of limitations. (*Id.*). But the statute of limitations had expired in part *because* the initial disclosures came so late. Rule 26(a)(1)(C) requires initial disclosures "within 14 days after the parties' Rule 26(f) conference." Fed. R. Civ. P 26(a)(1)(C). Indeed, Plaintiff served his initial disclosures on October 25, 2022—six months before the City. (Defs.' Resp., Dkt. 68, at 3). Having provided the initial disclosures so late, the City cannot then fault Plaintiff for the resulting tardiness.

Second, the modification is highly important to Plaintiff's case. It allows Plaintiff to bring individual claims against the officers who allegedly violated his constitutional rights. And the modification may be necessary for the case to survive summary judgment, because *Monell* claims can require an underlying individual violation. *See Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001). Defendants do not dispute that the amendment would be important to Plaintiff. (*See generally* Defs.' Resp., Dkt. 68). Because it is essential to establishing many of Plaintiff's claims, the amendment is sufficiently important to justify modification.

Third, the prejudice to the late filing is minimal. Defendants argue that they will have "to undergo the additional hazards of litigation" if the amendment is granted. (*Id.* at 7). But that prejudice comes from the amended complaint itself—not necessarily the timing of the complaint.

5

Defendants would still have to undergo these hazards if Plaintiff had timely amended. And many, if not all, of the City's motions will remain substantively the same, with minimal delay. Plaintiff concedes that "naming the officers will not require any additional discovery." (Mot., Dkt. 53, at 6). Finally, to the extent there is further litigation needed, the Court may grant a continuance for the parties. The resulting delay of a few months to trial is mildly prejudicial to Defendants, but certainly does not outweigh the substantial prejudice of barring many of Plaintiff's claims to relief in their entirety if amendment is not allowed. As a whole, the Court finds that good cause exists to grant the modification, and thus that Plaintiff has met his standard under Rule 16.

### B. Rule 15 Futility

Next, Defendants suggest that amendment should be denied as futile. (Defs.' Resp., Dkt. 68, at 7). In particular, Defendants argue that the statute of limitations bars Plaintiff's claims against the John Does, because the events at issue took place more than two years ago. (*Id.* at 5–7). Regardless of the merits of this argument, it does not preclude Plaintiff from naming those officers, because individual violations may still be relevant to the claims against the City. Because *Monell* depends upon the existence of a constitutional violation, Plaintiff may amend his complaint to plead such claims. Whether or not those claims against the officers are time-barred does not affect their applicability to the Section 1983 analysis against the City. The amendment, then, is not futile as a matter of law.

As to the application of the statute of limitations, the Court finds that the issue should be addressed in a separate motion to dismiss or motion for summary judgment once the amended complaint has been filed. Currently, Defendants raise the arguments in support of dismissal, but the response crosses arguments from Defendants' own motion to dismiss as well as Plaintiff's motion for leave to file. (Defs.' Resp., Dkt. 68, at 4–6; Mot. Dismiss, Dkt. 44; Pl.'s Resp., Dkt. 56-1). The

Court will be better positioned to address the statute of limitations issue once the amended complaint has been filed and the question has been cleanly and squarely briefed.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for leave to file his first amended complaint, (Dkt. 53), is **GRANTED**. The Clerk of the Court is **ORDERED** to file the attached amended complaint, (Dkt. 53-1).

All pending motions related to the original complaint, (Dkts. 43, 44, 64, and 65) are **MOOT**.

The motion to stay, (Dkt. 70), and motion for leave, (Dkt. 71), are **MOOT**.

**SIGNED** on September 14, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE