# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **TYREE TALLEY,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:21-CV-00249-RP** |
| | § | |
| **CITY OF AUSTIN, JOHN DOES,** | § | |
| **BENJAMIN LYNCH, GADIEL** | § | |
| **ALAS, TIMOTHY COBAUGH,** | § | |
| **DARRELL CANTU-HARKLESS,** | § | |
| **JOSEPH HETHERSHAW,** | § | |
| **GREGORY CHERNE, JUSTIN** | § | |
| **WRIGHT,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
        UNITED STATES DISTRICT JUDGE

Before the Court is Benjamin Lynch, Gadiel Alas, Timothy Cobaugh, Darrell Cantu-Harkless, Joseph Hethershaw, Gregory Cherne, and Justin Wright's (collectively, the "Officer Defendants") Motion to Dismiss, Dkt. 85. After reviewing the relevant pleadings and caselaw, the undersigned recommends that the motion be denied.

## I.        BACKGROUND

On May 30, 2020, Tyree Talley joined a protest outside the Austin Police Department ("APD") headquarters. Dkt. 77, at 4.[1] At around 9:15pm, Talley tossed a

---

[1] Given the procedural posture of this dispute, the undersigned accepts all of Talley's well-pleaded facts as true. *See Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 217 (5th Cir. 2009) ("In

plastic water bottle in the general direction of Austin police officers, who then shot Talley in the groin with kinetic energy projectiles, also referred to as "less-lethal" bean bag munitions. *Id.* at 5; Dkt. 44, at 2.  Talley collapsed to the ground in pain. Dkt. 77, at 5. While Talley was still on the ground in the fetal position, Austin police officers shot him ten more times with less-lethal munitions. *Id.*

In March 2021, Talley sued the City of Austin and "Defendant John Doe(s)" who were "as-yet unidentified … Austin police officers." Dkt. 1, at 3. The parties dispute whether Talley was diligent in discovering the identities of the Officer Defendants. Defendants contend that Talley was not diligent because he did not request discovery until over 500 days after the lawsuit had been filed—after the statute of limitations had passed. Dkt. 97, at 2. Defendants also note that, while Talley filed a formal complaint with APD, that complaint included the wrong name; rather than *Tyree* Talley, the report listed the shooting victim's name as *Kenneth* Talley. *Id.* at 3. Additionally, Talley proved hard to reach during this period; Sergeant Billy Parks, lead investigator for the APD's Internal Affairs division, attempted to contact Talley by phone and email, but never received a response aside from two after-hours voicemails. *Id.*

Talley argues that he was diligent in trying to discover the identities of the Officer Defendants. As support, Talley notes that he hired a prominent local journalist, Sarah Marloff, to locate witnesses and bystander-video evidence of the shooting. Dkt. 106, at 3-4. Talley also worked with crime-scene and shooting-

---

ruling on a motion to dismiss, a court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.") (internal quotation marks omitted).

reconstruction expert Michael Maloney to identify the shooting officers. *Id.* at 4. Further, Talley worked with "forensic video, photogrammetry, LiDAR, and drone mapping/modelling expert Angelos Leiloglou to obtain measurements and data" to identify the shooters. *Id.*

In August 2023, 15 months after the expiration of the statute-of-limitations period, Talley moved for leave to file a first amended complaint so that he could name the Officer Defendants in place of the "John Does" named in his original complaint. Dkt. 53. The Court granted the motion, Dkt. 76, and filed Talley's amended complaint, Dkt. 77. Defendants now move to dismiss as time-barred Talley's claims against the Officer Defendants. Dkt. 85.

## II.    LEGAL STANDARDS

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter,

3

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III.     DISCUSSION

Talley sued the Officer Defendants under 42 U.S.C. § 1983. Dkt. 77, at 12-15. "The statute of limitations for a suit brought under § 1983 is determined by the

general statute of limitations governing personal injuries in the forum state."
*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (citation omitted).
Texas has a two-year statute of limitations for personal-injury claims. *See* Tex. Civ.
Prac. & Rem. Code § 16.003(a). Any amendment "must be made within the applicable
limitations period or must relate back to the date of the original complaint; otherwise,
it will be time-barred." *Taylor v. City of Winnfield*, 191 F.R.D. 511, 513 (W.D. La.
2000).

Talley's amendment was not made within the applicable two-year statute of
limitations. The relevant incident occurred on May 30, 2020; the statute-of-
limitations period, therefore, expired on May 30, 2022. *See Johnson v. Harris Cnty.*,
83 F.4th 941, 945 (5th Cir. 2023) (Texas's personal injury statute of limitations "starts
running once a claim accrues—that is, the moment the plaintiff becomes aware that
he has suffered an injury or has sufficient information to know that he has been
injured") (quotation omitted). Talley did not seek leave to amend his complaint until
August 2023, 15 months after this deadline. *See* Dkt. 59. Talley's amendment also
does not "relate back" to Talley's original pleading. *See Whitt v. Stephens Cnty.*, 529
F.3d 278, 282-83 (5th Cir. 2008) ("We have held, however, that an amendment to
substitute a named party for a John Doe does not relate back under rule 15(c).").
Accordingly, Talley's amendment naming the Officer Defendants was untimely.

That, however, is not the end of the inquiry—the undersigned must also
consider whether the statute of limitations should be equitably tolled. "As a general
matter, equitable tolling pauses the running of, or 'tolls,' a statute of limitations when

a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas's equitable tolling principles apply." *Madis v. Edwards*, 347 F. App'x 106, 108 (5th Cir. 2009). "Texas courts sparingly apply equitable tolling and look, inter alia, to whether a plaintiff diligently pursued his rights; litigants may not use the doctrine to avoid the consequences of their own negligence." *Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012) (quotation omitted).

The Fifth Circuit provided a useful roadmap for equitable tolling in *Green v. Doe*, 260 F. App'x 717 (5th Cir. 2007). There, a plaintiff filed a § 1983 action against an unidentified correctional officer for violating his Eighth Amendment rights. *Id.* at 717. The plaintiff filed motions for discovery to identify the officer, but the district court denied both motions. *Id.* at 718. The district court then found that, even if the plaintiff were able to identify the correct officer, Federal Rule 15(c) "would not permit him to amend his complaint and relate back to the original complaint." *Id.* "Because any new complaint he might bring would be time-barred, the court dismissed the claims against 'John Doe.'" *Id.*

The Fifth Circuit reversed. The court reasoned that:

[Plaintiff] does not need his amendment to relate back under rule 15(c)(3), because limitations has been tolled by the abuse of discretion in denying his original motions for discovery. Thus, strict application of limitations would be inequitable, because the delay in determining the identity of "John Doe" is not attributable to [plaintiff].

…

6

> To deny [plaintiff] the opportunity to amend his complaint where he has diligently sought to discover the identity of "John Doe" would be tantamount to eliminating the use of a "John Doe" in bringing any suit. The only reason to sue a "John Doe" is to conduct discovery backed by the authority of the court, but where the amendment cannot relate back and the court incorrectly denies discovery, the "John Doe" has become a nullity. Although the use of a "John Doe" is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants.

*Id.* at 719.

The Officer Defendants argue that equitable tolling is inappropriate in this case because Talley did not request any discovery until after the statute of limitations expired. Dkt. 85, at 6. For support, they point to *Amin-Akbari v. City of Austin, Tex.*, 52 F. Supp. 3d 830 (W.D. Tex. 2014). In *Amin-Akabari*, a plaintiff sued several "John Doe" officers and, after the statute of limitations expired, sought to amend his complaint to identify those officers. *Id.* at 839. The court found that the action was time-barred and that equitable tolling was improper because plaintiff filed his complaint mere days before the expiration of the statute of limitations, precluding his ability to identify the proper names of the John Doe defendants by not allowing himself time to conduct discovery. *Id.* at 842.

In response, Talley says that there are several factors warranting equitable tolling in this case. First, Talley emphasizes the fact that he investigated the identities of the Officer Defendants well before the statute of limitations expired. *See Heckford v. City of Pasadena*, No. 4:20-CV-4366, 2021 WL 2517405, at *2 (S.D. Tex. June 18, 2021) (granting equitable tolling where plaintiff made requests for the disclosure of officers' identities several months prior to the statute of limitations expiring). Talley also stresses the fact that APD should have known, and was in the

best position to know, which officers were armed with less-lethal-munition shotguns at the time of the incident. *See Carrillo Rivera v. ManpowerGroup US, Inc.*, No. EP-19-CV-00299-DCG, 2020 WL 5913832, at *8 (W.D. Tex. Oct. 6, 2020) (granting equitable tolling where defendants were in sole possession of accident report that identified John Doe defendant). Further, the Officer Defendants shared counsel with the City of Austin, which Talley says also supports equitable tolling. *See id.* at *11 ("[N]otice of the allegations and claims against Mr. Acosta Leyva can be imputed to him through his shared counsel because … Mr. Acosta Leyva's identity was information uniquely accessible to shared counsel.").

To the undersigned's knowledge, this case presents an issue of first impression in this circuit: whether equitable tolling is warranted where a party does not seek discovery, but instead conducts an independent investigation into the Officer Defendants' identities. In making that determination, the undersigned is reminded that the touchpoint of equitable tolling is reasonable diligence. *Holland v. Florida*, 560 U.S. 631, 653 (2010) ("The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'") (citations omitted). The Fifth Circuit has directed that "[w]hether diligence is 'reasonable' is an 'equitable, often fact-intensive inquiry' in which courts are instructed to avoid 'mechanical rules' and instead to 'draw upon decisions made in other similar cases for guidance.'" *Palacios v. Stephens*, 723 F.3d 600, 605 (5th Cir. 2013) (quoting *Holland*, 560 U.S. at 650, 654).

The undersigned finds that equitable tolling is warranted here. While Talley did not seek formal discovery, he did go to great lengths to discover the identities of the Officer Defendants in a timely manner. Those efforts included hiring a local journalist, a crime-scene and shooting-reconstruction expert, and a "forensic video, photogrammetry, LiDAR, and drone mapping/modelling expert." Dkt. 106, at 3-4. And while Talley could have also sought formal discovery sooner, the undersigned concludes that his efforts here are enough to constitute reasonable diligence under the circumstances.

That conclusion is bolstered by the fact that this Court has already held that Talley was diligent in attempting to discover the identity of the Officer Defendants. *See* Dkt. 76, at 4 ("And Plaintiff has shown that his counsel worked reasonably quickly during discovery to identify the officers. Indeed, the City of Austin has conceded that the parties have been 'diligently conducting discovery in these cases.'"); *id.* at 5 ("Finally, Plaintiff has provided a valid explanation because the City has not identified any efforts it undertook to identify the officers. Most notably, the City did not provide its initial disclosures until April 24, 2023—less than two months before the close of discovery.").

Because Talley demonstrated reasonable diligence in seeking to identify the Officer Defendants, the undersigned finds that equitably tolling the statute of limitations is appropriate. Accordingly, the undersigned recommends that the Officer Defendants' Motion to Dismiss or, in the alternative, Motion for Judgment on the Pleadings, Dkt. 85, be **DENIED**.

## IV.      RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **DENY** Defendants' Motion to Dismiss, Dkt. 85. **IT IS FURTHER ORDERED** that this case be removed from the Magistrate Judge's docket and returned to the docket of the Honorable Robert Pitman.

## V.      WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED June 26, 2024.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

10